IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01567-WYD-BNB

MICHAEL AMES, an individual;
BEDE JOSEPH ARLEDGE, an individual;
ARTHUR ASHLEY, an individual;
STANLEY BALDWIN, an individual;
SUE BEIKER, an individual;
WILLIAM BELL, an individual;
DALE BINKLEY, an individual;
RALPH BRUNDIGE, an individual;
WALTER BRYANT, an individual;
JONATHAN CAREY, an individual;
JOSE CHAVEZ, an individual;
JEFFREY L. CLUPHF, an individual;
PHUOC DANG, an individual;
ROY DAVIS, an individual;
LINDA DEHERRARA, an individual;
REX DELANEY, an individual;
ROBERT DOWNES, an individual;
HAROLD FABRICIUS, an individual;
SALLY FREDERICK, an individual;
DONALD GERDY, an individual;
MICHAEL GIL, an individual;
SANDRA GROTEWOHL, an individual;
FELICITAS HARDIN, an individual;
JOE HEATH, an individual;
ALAN HILL, an individual;
ALLYN KOHLMEYER, an individual;
LINDA KURTZ, an individual;
ANDREW LEWIS, an individual;
CARL LOPEZ, an individual;
ERNEST MACK, an individual;
REUBEN MARTINEZ, an individual;
RONALD MARX, an individual;
KAREN MILLER, an individual;
JAMES MISEK, an individual;
JAMES NEWCOMB, an individual;
RICHARD OAKES, an individual;
ALICE OSNER, an individual;
ROBERT L. PIPER, an individual;
JOSE RAEL, an individual;

HELEN RAHMING, an individual;
KURT REDER, an individual;
ROBERT REPOSA, an individual;
ROBERT RIVERA, an individual;
JAMES ROCKHOLD, an individual;
ANDREW ROMERO, an individual;
GAIL RUNKLES, an individual;
KEVIN ST. CROIX, an individual;
WILLIE SCOGGINS, an individual;
JERRY SPONSEL, an individual;
DEBBIE SQUIRES, an individual;
JOHN STEELE, an individual;
JOSEPH STOGNER, an individual;
MONICA THOMAS, an individual;
ROSE THOMAS, on behalf of the Estate of Michael R. Thomas, Deceased;
LESLIE TOURNEY, an individual;
VICKI VAFEADES-ST. CROIX, an individual;
RUSSELL VAZ, an individual;
TERRY VICEK, an individual;
ROBERT VILLALOBOS, an individual;
MARIE WASHINGTON, an individual;
SCOTT WELLS, an individual;
GREGORY YATES, an individual; and
PHILIP ZIKE, an individual,

     Plaintiffs,

v.

REGIONAL TRANSPORTATION DISTRICT AND AMALGAMATED TRANSIT UNION
DIVISION 1001 PENSION FUND TRUST;
BOARD OF TRUSTEES, REGIONAL TRANSPORTATION DISTRICT AND
AMALGAMATED TRANSIT UNION DIVISION 1001 PENSION FUND TRUST;
GREGG FISHER, trustee;
MYRA SIMMONS, trustee;
YVETTE SALAZAR, trustee;
TERESA SEDMARK, trustee;
DIANE SUNDQUIST, trustee;
JULIO RIVERA, trustee;
EARL NICHOL, trustee;
ROSEMARIE SNYDER, trustee;
MICHAEL RUCKER, trustee;
LLOYD MACK, trustee; and
LARRY SORGENT, trustee,

Defendants.

# ORDER

I.  INTRODUCTION

THIS MATTER comes before the Court on the following motions: (1) Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction [# 53], filed July 31, 2006; (2) Defendant Larry Sorget's Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction [# 87], filed September 1, 2006; (3) Defendants Snyder and Mack's Motion to Dismiss Second Amended Complaint [# 90], filed September 8, 2006; and (4) Defendants Earl Nichol's and Michael Rucker's Motion to Dismiss Second Amended Complaint for lack of Subject Matter Jurisdiction [# 91], filed September 8, 2006.  For the reasons stated below, I grant in part and deny in part the aforementioned motions.

II.  BACKGROUND

Sixty-four Plaintiffs brought this action against the Defendants.  The Plaintiffs consist of two groups of individuals: (1) seventeen individuals who retired after the 1998 adoption of an amendment to the terms of the Regional Transportation District ("RTD") and Amalgamated Transit Union 1001 Pension plan ("Retired Plaintiffs"); and (2) forty-seven individuals who have yet to retire and are either still working for RTD or have left employment with RTD ("Non-Retired Plaintiffs").  (Second. Am. Compl. ¶¶ 4-67.)  The Defendants consist of the following: (1) the Regional Transportation District ("RTD") and Amalgamated Transit Union 1001 Pension Fund Trust ("Trust"); (2) the

Board of Trustees of the Trust; (3) current individual members of the Board of Trustees; and (4) former individual members of the Board of Trustees in 1998. (Second Am. Compl. ¶¶ 68-81.) The Plaintiffs assert the following six claims for relief against all Defendants: (1) declaratory judgment pursuant to 28 U.S.C. § 2201; (2) violation of 42 U.S.C. § 1983; (3) breach of fiduciary duty; (4) breach of contract; (5) willful and wanton breach of contract; and (6) injunctive relief. (Second Am. Compl. ¶¶ 118-152.)

As a result of a collective bargaining agreement, the RTD/ATU Local 1001, the union representing RTD's hourly workers ("Union"), created the Amalgamated Transit Union Division 1001 Pension Fund trust ("Trust"). The Trust holds assets and pays benefits due under the RTD/ATU 1001 Pension Plan ("Pension Plan"). The Pension Plan is primarily funded by contributions from RTD. The collective bargaining agreement also created a trust for the Board to administer the Pension Plan. The Board has the authority to amend the Pension Plan, and on September 30, 1997, the Board amended the Pension Plan.

In the case at hand, Plaintiffs' claims for relief are all based upon the aforementioned Amendment to the terms of the RTD/ATU 1001 Pension Plan. The Plaintiffs also allege that this cause of action is substantially similar to a previous case filed in 1998 by two plaintiffs against the same Pension Plan and its Board of Trustees. *See Walker v. Brd. of Trustees*, 76 F. Supp. 2d. 1105 (D. Colo. 1999). The District Court held and the Tenth Circuit Court of Appeals later affirmed in *Walker v. Brd. of Trustees*, 2003 WL 421690534, at 959 (10th Cir. 2003) (unpublished), that "a later adoption of an amendment to a plan which is then used to defeat or diminish the

employee's fully vested rights under the governing plan document is not only ineffective, it is arbitrary and capricious." (Ex. 1, Trial Tr. 13, March 14, 2002.) Plaintiffs further allege that even after the Tenth Circuit's holding, the current Trustees continue to apply the Amendment. Consequently, none of the retired Plaintiffs received pension benefits in accordance with the plan prior to the Amendment, and none of the Non-Retired Plaintiffs will receive pension benefits in accordance with the plan prior to the Amendment.

III.   ANALYSIS

    A.   Fed. R. Civ. P. 12(b)(1)

The Defendants move to dismiss this action under Fed. R. Civ. P. 12(b)(1). "Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).

        1.   Ripeness

Defendants RTD/ATU Division 1001 Pension Fund Trust, the Board, the Trust, the individual members of its current Board of Trustees (Gregg Fisher, Myra Simmons, Yvette Salazar, Teresa Sedmak, Dan Sundquist, Julio Rivera), and the former members

of the Board of Trustees (Rosemarie Snyder, Lloyd Mack, Michael Rucker, Larry Sorget, and Earl Nichol) all assert in their respective motions to dismiss that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Specifically, the Defendants argue that the claims asserted by the Non-Retired Plaintiffs are not ripe for judicial review because the claims are based upon events that may or may not occur in the future. (Defs.' Mot. at 5.) Defendants cite ¶ 90 of the Second Amended Complaint for support. It reads as follows: "[t]he amount of benefits payable under the pension plan are based on three factors: final average earnings; **age at retirement**; and credited service **to date of retirement**." (Second Am. Compl. ¶ 90) (emphasis added). The Defendants argue that these factors are unknown and cannot be established until an individual "reaches retirement age, applies for a retirement benefit, and the amount of the benefit is computed." (Defs.' Mot. at 5.) Therefore, since the Non-Retired Plaintiffs have neither applied for benefits, nor retired from employment, "their claims for retirement benefits are not ripe for judicial review." (Defs.' Mot. at 5.) I agree.

Turning to my findings, the Tenth Circuit has held that the issue of ripeness of a claim is considered in a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *New Mexicans for Bill Richardson v. Gonzalez*, 64 F. 3d 1495, 1499 (10th Cir. 1995). The doctrine of ripeness is a question of timing, and it is "intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* at 1499 (Internal quotations omitted). In *Gonzalez*, the Tenth Circuit outlines a two-prong test in determining whether a claim is ripe. *Id.* Thus, I must evaluate both "the fitness of the issue for judicial resolution and the hardship to

the parties of withholding judicial consideration." *Id.* (quoting *Sierra Club v. Yeutter*, 991 F.2d 1405, 1415 (10th Cir. 1990)). First, in evaluating whether an issue is fit for judicial review, I must determine if the case concerns "uncertain or contingent events that may not occur as anticipated, or indeed may not occur at all." *Gonzalez*, 64 F.3d at 1499 (internal quotations omitted). Second, in evaluating the hardship to the parties of withholding a ruling, I must determine if the challenged action or allegations creates a direct and immediate dilemma for the parties.

Similar to the facts of the instant case, the Second Circuit addressed the issue of ripeness and held that a claim concerning the calculation of retirement benefits is not ripe for judicial review until the individual is entitled to apply for such benefits. *Lugo v. Employees Retirement Fund of Illumination Prods. Indus.*, 529 F.2d 251, 258 (2nd Cir. 1975). Further, the Tenth Circuit's holding in *Walker* supports this outcome, and although this opinion is unpublished, I find it to have persuasive value with respect to a material issue in this case that has not been addressed in a published opinion pursuant to 10th Cir. R. 36.3. *Walker v. Brd. of Trustees*, 2003 WL 421690534, at 959 (10th Cir. 2003) (unpublished). In *Walker*, the Tenth Circuit's holding applied to plaintiffs who had already retired, and therefore had a vested right to receive retirement benefits. The Court stated that "[o]nce an employee retires, a trustee may not adopt an amendment that impairs an employee's vested rights under the plan . . ." *Id.* Further, the Court held that the Board was required to provide pension benefits to the plaintiffs "according to the plan in effect at the time of their respective retirements." *Id.* There is a fundamental distinction between the *Walker* litigation so heavily relied upon by the

-7-

Plaintiffs in their pleadings and the facts of this case. Here, there are forty-seven Non-Retired Plaintiffs alleging that they are entitled to receive retirement benefits according to the pre-1997 Amendment to the Pension Plan. In *Walker*, the Plaintiffs were already retired and receiving pre-Amendment benefits. Therefore, Plaintiffs' arguments are not persuasive.

In the case at hand, my ripeness inquiry focuses on the whether Plaintiff's claim for pre-Amendment retirement benefits is fit for judicial review and creates a direct and immediate dilemma. I find that it does not satisfy this ripeness test because the Non-Retired Plaintiffs' claims are based upon future events that are unknown. Since these Plaintiffs are not retired, it is impossible to calculate their final average earnings, retirement age, and date of retirement, all factors alleged in the Second Amended Complaint. These factors are merely speculative at this point. Moreover, because the Non-Retired Plaintiffs have neither retired, nor applied for benefits, a controversy does not exist. Finally, because these Non-Retired Plaintiffs have not yet received any benefits under the Pension Plan, I cannot find a direct and immediate dilemma. Therefore, the Non-Retired Plaintiffs claims are not ripe and should be dismissed under Fed. R. Civ. P. 12(b)(1). Accordingly, the Defendants' motions to dismiss the Non-Retired Plaintiffs' claims are granted.

        2.       <u>Exhaustion of Administrative Remedies</u>

The Defendants also assert in their respective motions to dismiss that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because none of the Plaintiffs exhausted their administrative remedies. Specifically, the Defendants argue

that under Tenth Circuit and Colorado law, the Plaintiffs are required to exhaust their administrative remedies prior to filing suit in court. (Defs.' Mot. at 7.) However, Defendants concede that "there is no case law or statute specifically addressing the exhaustion of administrative remedies under the RTD/ATU Pension Plan." (Defs.' Reply at 8.) The Defendants argue that since courts have required exhaustion in other governmental pension plans, I should impose it in this case. I disagree and reject this argument.

Moreover, I find that the language of the administrative review procedure in the RTD/ATU Pension Plan does not apply to the Plaintiffs. Under Colorado law, pension benefits are contractual in nature, therefore, the general rules of contract interpretation apply. *Van Waters & Rogers, Inc. v. Keelan*, 840 P.2d 1070, 1079 (Colo. 1992). Contract interpretation is a question of law for the court. *B & B Livery, Inc. v. Riehl*, 960 P.2d 134, 136 (Colo. 1998). The agreement will be enforced as written unless there is an ambiguity in the language; the agreement should not be rewritten nor should it be limited by a strained construction. A contract "must be given effect according to the plain and ordinary meaning of its terms." "The agreement must be evaluated as a whole and the language construed in harmony with the plain and generally accepted meaning of the words employed, unless the intent of the parties, as expressed in the contract, indicates that an alternative interpretation is intended." Ambiguities are generally resolved against the drafter. *Allen v. Pacheco*, 71 P.3d 375, 378 and n. 3 (Colo. 2003).

In the case at hand, the RTD/ATU 1001 Pension Plan's Summary Plan

Description provides the following administrative procedure in pertinent part:

> **Review Procedure**: An applicant who has received notice that his application has been denied may within 60 days of receipt of such notice, request a review of the denied claim. In connection with such an appeal, the applicant shall have the right to information available to the Trustees which may be relevant to his appeal and may submit arguments or comments in writing to the Plan Administrator.

(Ex. A at 3.) The terms of the above Review Procedure are clear and unambiguous and shall be enforced as written. Here, none of the Plaintiffs have received notice that their application has been denied. In fact, the Retired Plaintiffs are currently receiving benefits under the Pension Plan. Therefore, the Retired Plaintiffs are not required to comply with the terms of the Review Procedure as it does not apply in this instance. Accordingly, Defendants' motions to dismiss for failure to exhaust administrative remedies under the Pension Plan are denied.

B.   Fed. R. Civ. P. 12(b)(6)

The Defendants assert in their respective motions that Plaintiffs' claims must be dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, I "'must accept all the wellpleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). Further, "[a] complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez,* 54 F.3d 488, 490 (10th Cir. 1995)).

### 1. Claim arising under 42 U.S.C. § 1983

The Defendants move to dismiss Plaintiffs' claim for violation of 42 U.S.C. § 1983. Specifically, the Defendants argue that this claim does not allege any violation of protected property rights. On the other hand, the Plaintiffs allege that they have "a property interest in the pension benefits at issue" and that "[t]he Defendants did not give Plaintiffs notice and an opportunity to be heard before or after adopting the 1998 amendment to the pension plan." (Second Am. Compl. ¶¶ 123, 125.)

In order to prevail on a claim arising under 42 U.S.C. § 1983, the Plaintiffs must establish that the Defendants acted under the color of state law and that the Defendants' actions deprived the Plaintiffs of a federal right. *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have a legitimate claim of enticement to it." *Brd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Here, the Plaintiffs allege that as public employees and Pension Plan participants, they had vested property rights protected by the 14th Amendment. The Plaintiffs further alleged that the Pension Plan Board, acting under the color of law, reduced their pension benefits and therefore, violated their due process rights under the 14th Amendment. Further, after reviewing the Second Amended Complaint in the light most favorable to the Plaintiffs, I am satisfied that the Plaintiffs sufficiently stated a claim for a violation of a protected property right. Accordingly, Defendants' motions to dismiss the 42 U.S.C. § 1983 claim are denied.

### 2. Claim for Breach of Fiduciary Duty

The Defendants move to dismiss Plaintiffs' claim for Breach of Fiduciary Duty. First, the Defendants argue that this claim is barred by the applicable statute of limitations. Under Colorado Law, an action alleging breach of fiduciary duty must be filed within three years after the cause of action accrues. Colo. Rev. Stat. § 13-80-101(1)(f). On the other hand, the Plaintiffs argue that there is "nothing in the record that established when each cause of action accrued for each Plaintiff based on their specific knowledge of relevant facts." (Pl.s' Resp. at 10.) I agree. There is no information in the Complaint that supports Defendants' argument that Plaintiffs' claim is barred by the statute of limitations.

Second, the Defendants argue that Plaintiffs' claim for breach of fiduciary duty should be dismissed because an adoption of an amendment to an employee benefit plan is not a fiduciary act. The Defendants cites several cases in support of this argument. However, the cited cases apply to plans governed by ERISA. Here, accordingly to the Plan Summary, the Pension Plan is not subject to the provisions of ERISA. Under Colorado law, "a fiduciary duty arises between individuals through a relationship of trust, confidence, and reliance. Certain relationships give rise to general fiduciary duties as a matter of law, *i.e.*, . . . trustee-beneficiary." *Bailey v. Allstate Insurance Co.*, 844 P.2d 1336, 1339 (Colo. App. 1992). The *Bailey* Court further stated that "a fiduciary duty arises when one party has a high degree of control over the property or subject matter of another, or when the benefitting party places a high level of trust and confidence in the fiduciary to look out for the beneficiary's best interest."

*Id.*

In the case at hand, section 10.02 of the Pension Plan states that the "Board of Trustees shall be the fiduciary and administrator of the Plan, and . . . shall have the responsibility for, and authority to manage the operation and administration of the Plan." (Ex. A at 72.)  Further, as fiduciaries, the Trustees have the power to make "rules, regulations, interpretations, decisions, and benefit computations as may be necessary . . . ." (Ex. A at 72.)  Accordingly, I find that the Board of Trustees has a fiduciary duty to the beneficiaries of this Pension Plan.  Moreover, based upon the language in section 10.02 of the Pension Plan, I find that the action of adopting an amendment to the Pension Plan can be construed as a fiduciary act.  Accordingly, Defendants' motions to dismiss Plaintiffs' claim for breach of fiduciary duty are denied.

### 3. Claims for Breach of Contract and Willful and Wanton Breach of Contract

The Defendants argue that there was no breach of contract in this case, therefore, these claims should be dismissed.  "It has long been the law in Colorado that a party attempting to recover on a breach of contract claim must prove the following elements: (1) the existence of a contract . . . ; (2) performance by the plaintiff or some justification for nonperformance . . . ; (3) failure to perform the contract by the defendant. . .; and (4) resulting damages to the plaintiff. . . . " *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).  The willful and wanton breach of contract rule provides the parties with non-economic damages where necessary. *Giampapa v. American Family Mutual Insurance Co.*, 64 P.3d 230, 241 (Colo. 2003).  Further, when "peace of mind and freedom from worry are part of the bargain, . . . the

Defendant should pay for the agony suffered as an obvious consequence." *Id.* at 241 n.10.

I find that after construing the Second Amended Complaint in the light most favorable to the Plaintiffs, they have plead sufficient information to allege a claim for breach of contract and willful and wanton breach of contract.  Specifically, the Plaintiffs allege that a contract was formed.  Further, the Plaintiffs allege that the contract was materially breached as a result of the Defendants' actions.  As a result, the Plaintiffs have suffered injuries, damages and losses.  Plaintiffs also allege that Defendants' conduct was intentional, and it was foreseeable that this conduct would cause severe emotional distress.  Accordingly, Defendants' motions to dismiss Plaintiffs' claims for breach of contract and willful and wanton breach of contract are denied.

### 4. Injunctive Relief

The Defendants' argument references the Amended Complaint.  Since Plaintiffs filed a Second Amended Complaint that included changes to the pertinent sections, I deny Defendants' arguments as moot.  However, in Plaintiffs' response to Defendants Snyder and Mack's Motion to Dismiss Second Amended Complaint, the Plaintiffs state that the claim for injunctive relief should be dismissed against Defendant Snyder and Mack.  (Pl.s' Resp. at 4.)  Accordingly, Defendants' motions to dismiss Plaintiffs' claims for injunctive relief are denied in part and granted in part.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that: (1) Motion to Dismiss Second Amended Complaint for Lack of

Subject Matter Jurisdiction [# 53], filed July 31, 2006; (2) Defendant Larry Sorget's Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction [# 87], filed September 1, 2006; (3) Defendants Snyder and Mack's Motion to Dismiss Second Amended Complaint [# 90], filed September 8, 2006; and (4) Defendants Earl Nichol's and Michael Rucker's Motion to Dismiss Second Amended Complaint for lack of Subject Matter Jurisdiction [# 91], filed September 8, 2006, are **GRANTED IN PART AND DENIED IN PART** as described in this Order.  It is

FURTHER ORDERED that the Non-Retired Plaintiffs' claims are not ripe and are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).  It is

FURTHER ORDERED that Plaintiffs' claim for injunctive relief against Defendants Snyder and Mack is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  March 20, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge