IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-01567-WYD-BNB

ARTHUR ASHLEY, an individual;
JOE HEATH, an individual;
ERNEST MACK, an individual;
ROBERT L. PIPER, an individual;
JOSEPH STOGNER, an individual;

    Plaintiffs,

v.

REGIONAL TRANSPORTATION DISTRICT AND AMALGAMATED TRANSIT UNION
DIVISION 1001 PENSION FUND TRUST;
BOARD OF TRUSTEES, REGIONAL TRANSPORTATION DISTRICT AND
AMALGAMATED TRANSIT UNION DIVISION 1001 PENSION FUND TRUST;
GREGG FISHER, trustee;
MYRA SIMMONS, trustee;
YVETTE SALAZAR, trustee;
TERESA SEDMARK, trustee;
DIANE SUNDQUIST, trustee;
JULIO RIVERA, trustee;
EARL NICHOL, trustee;
ROSEMARIE SNYDER, trustee;
MICHAEL RUCKER, trustee;
LLOYD MACK, trustee; and
LARRY SORGET, trustee,

    Defendants.

---

**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING
FORM AND DISSEMINATION OF NOTICE OF CLASS ACTION SETTLEMENT,
AND SETTING DATE FOR HEARING ON FINAL APPROVAL**

---

This litigation involves claims for alleged violations of 42 U.S.C. § 1983,

Colorado common law of trusts, and Colorado common law of contracts with respect to

the Regional Transportation District/Amalgamated Transit Union 1001 Pension Plan

(the "Plan").¹ Specifically, *Plaintiffs* alleged that: *Defendants* deprived *Plaintiffs* of their property rights under 42 U.S.C. § 1983 without the opportunity for notice both pre-deprivation or post-deprivation; the *Board of Trustees* failed to give notice and an opportunity to be heard prior to the adoption of the 1998 Amendment to the pension plan; *Defendants* failed to give notice and an opportunity to be heard after the issuance of the decisions by the District Court of Colorado and the Tenth Circuit Court of Appeals in *Walker*; *Defendants* breached their fiduciary duties to *Plaintiffs* in connection with the adoption of the 1998 Amendment to the *Plan*; *Defendants* materially breached the contract by subsequently changing the terms of the *Plan* and by failing to pay or allocate pension benefits in accordance with it; *Defendants* failed to restore benefits in accordance with judicial decisions granted in *Walker*; and any and all claims of any nature whatsoever raised in the *Complaint*.

Presented to the *Court* for preliminary approval is the *Settlement* of the litigation as against all *Defendants*. The terms of the *Settlement* are set out in a Class Action Settlement Agreement (the *"Settlement Agreement"*) dated October 9, 2007, and executed by counsel and the *Parties* on behalf of the *Named Plaintiffs* and the *Defendants* as attached as Exhibit B.

The *Court* has preliminarily considered the *Settlement* to determine among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the *Settlement Class*. Upon reviewing the *Settlement Agreement* it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

¹ Capitalized and italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

**1. Preliminary Findings Regarding Proposed Settlement** – The *Court* preliminarily finds that *(I)* the proposed *Settlement* resulted from extensive arm's-length negotiations; *(ii)* the *Settlement Agreement* was executed only after counsel for *Named Plaintiffs* had conducted extensive pre-settlement investigation and discovery; *(iii)* counsel for *Named Plaintiffs* has concluded that the *Settlement Agreement* is fair, reasonable and adequate; and *(iv)* the *Settlement* evidenced by the *Settlement Agreement* is sufficiently fair, reasonable and adequate to warrant sending notice of the *Settlement* to the *Settlement Class*. These findings are preliminary in nature only. The Court will make final findings after the Fairness Hearing as to whether the settlement is fair, reasonable, and adequate and should be approved.

**2. Fairness Hearing** – A *Fairness Hearing* is hereby scheduled for **Tuesday, January 29, 2008, at 9:00 a.m.** (the *"Fairness Hearing"*) to determine, among other things:

- Whether the *Settlement* should be approved as fair, reasonable and adequate;
- Whether the litigation should be dismissed with prejudice as to the *Defendants* pursuant to the terms of the *Settlement*;
- Whether the *Notice of Class Action Settlement*, summary notice and notice methodology implemented pursuant to the *Settlement Agreement* *(I)* constituted the best practicable notice; *(ii)* constituted notice that was reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*; *(iii)* were reasonable and constituted due,

adequate and sufficient notice to all persons entitled to notice; and *(iv)* met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

· Whether Appointed Counsel adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement Agreement*;

· Whether the *Plan Amendment* should be approved;

· Whether the application for attorneys' fees and costs filed by *Appointed Counsel* should be approved; and

· Whether the application for retirement benefits for *Named Plaintiffs* should be approved.

**3. Notice of Class Action Settlement** – The *Parties* have presented to the Court a proposed form of *Notice of Class Action Settlement*, which is appended hereto as Exhibit A.  With respect to such form of *Notice of Class Action Settlement*, the Court finds that such form fairly and adequately (a) describes the terms and effect of the *Settlement Agreement* and of the *Settlement*; (b) notifies the *Settlement Class* concerning the proposed *Plan Amendment*; (c) notifies the *Settlement Class* that *Appointed Counsel* will seek compensation not to exceed Eight Hundred Thousand Dollars ($800,000.00) for attorneys fees and costs which will be paid by Federal Insurance Company; (d) gives notice to the *Settlement Class* of the time and place of the *Fairness Hearing*; and (e) describes how the recipients of the *Notice of Class Action Settlement* may object to any of the relief requested.  The *Parties* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and

the *Court* finds that such proposed manner is the best notice practicable under the circumstances, and directs that *Appointed Counsel* shall:

- As soon as practicable following the *Court's* preliminary approval of the *Settlement*, cause the *Notice of Class Action Settlement* to be mailed, by first-class mail, postage prepaid, to the last known address of each *Settlement Class member*. *Defendants* shall provide *Appointed Counsel* with the names and last known addresses of the members of the *Settlement Class* to the extent such information is within *Defendants*' custody or control.

- By no later than 45 days before the *Fairness Hearing*, cause the *Notice of Class Action Settlement* to be published on the website identified in the *Notice of Class Action Settlement.*

At or before the *Fairness Hearing, Appointed Counsel* shall file with the *Court* a proof of timely compliance with the foregoing mailing and publication requirements.

**4. Objections to Settlement** – Any member of the *Settlement Class* who wishes to object to the fairness, reasonableness or adequacy of the *Settlement*, to the *Plan Amendment*, to any term of the *Settlement Agreement*, or to the proposed award of attorneys' fees and expenses, may file an Objection. An objector must file with the *Court* a statement of his or her objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the *Court's* attention or introduce in support of such objection. The objector must also mail the objection and all supporting law and/or evidence to *Appointed Counsel* and to counsel for the *Defendants*. The addresses for

filing objections with the *Court* and service on counsel are as follows:

    To the Clerk of the Court:

        United States District Court for the District of Colorado
        Alfred A. Arraj United States Courthouse, Room A105
        901 19th Street
        Denver, Colorado 80294-3589
        Fax: (303) 335-2714

    To Plaintiffs *Appointed Counsel*:

        Diane Vaksdal Smith
        Burg Simpson Eldredge Hersh & Jardine, P.C.
        40 Inverness Drive East
        Englewood, CO 80112
        Fax: (303) 708-0527

    To Defendants' Counsel:

        Howard Shapiro
        Yolanda D. Montgomery
        Proskauer Rose LLP
        909 Poydras Street, Suite 1100
        New Orleans, LA 70112
        Fax: (504) 310-2022

        Edward T. Ramey
        Isaacson Rosenbaum P.C.
        633 17th Street, Suite 2200
        Denver, CO 80202
        Fax: (303) 256-3152

        Livingston Keithley
        Kamlet Shepherd & Reichert LLP
        1515 Arapahoe Street,
        Tower One, Suite 1600
        Denver, Colorado 80202
        Fax: (303) 825-4200

        David H. Stacy
        Ducker, Montgomery, Aronstein & Bess, P.C.
        1560 Broadway, Suite 1400
        Denver, CO 80202

Fax: (303) 861-4017

Susan M. Schaecher
Stettner Miller, P.C.
1050 17th Street, Suite 700
Denver, CO 80265-2008
Fax: (303) 534-5036

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the *Court* by no later than fourteen (14) days before the date of the *Fairness Hearing*.  If an objector hires an attorney to represent him or her (at his or her own cost and expense) for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than fourteen (14) days before the date of the *Fairness Hearing*.  Filing and service may be effected on the *Court* and counsel, respectively, by mail, provided facsimile service is made on counsel listed above by no later than fourteen (14) days before the date of the *Fairness Hearing*.  Any member of the *Settlement Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred.  The *Parties* shall file any Reply Memorandum in response to an Objection, no later than seven (7) days before the date of the *Fairness Hearing*.

**5. Appearance at Fairness Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 4 above, may also appear at the *Fairness Hearing* either in person or through counsel retained at the objector's

expense. Objectors or their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name, address and telephone number of the objector's attorney) on counsel listed above (at the addresses set out above) and file it with the *Court* by no later than fourteen (14) days before the date of the *Fairness Hearing*. Filing and service may be effected on the Court[2] and counsel, respectively, by mail, provided facsimile service is made on counsel listed above by no later than fourteen (14) days before the date of the *Fairness Hearing*. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except for good cause shown.

      **6. Service of Papers** – *Defendants'* counsel and *Appointed Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession.

      **7. Termination of Settlement** – This Order shall become null and void, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions as of July 31, 2007, if the *Settlement* is terminated in accordance with the *Settlement Agreement*. In such event, Section 9 of the *Settlement Agreement* shall govern the rights of the Parties and the status of this litigation.

---

[2] If the objector is represented by an attorney, all documents must be filed electronically.
However, if the objector is not represented by an attorney, he or she can fax the written objections to the *Court* as long as it is less than ten (10) pages.

**8. Use of Order** – In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or declaration by or against *Defendants* of any fault, wrongdoing, breach or liability.  Nor shall the Order be construed or used as an admission, concession or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

Dated:  October 31, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge