FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

January 10, 2008

JAN 1 4 2008

GREGORY C. LANGHAM
CLERK

To whom it may concern,

My name is Tom Beavers. The purpose of this letter is to protest the settlement of the ATU Pension Fund issue, case #1:05 - CV - 01567 - WYD - BNB.

I have been a mechanic at RTD for almost 25 years, and have paid into the Pension Fund for this entire time, as have so many others. This is our only pension.

Others who were in the Union but left it to go to management positions stopped paying into the Union Pension a long time ago. The Union Pension compensation was supposed to be calculated from a percentage of wages earned while they were Union members; but through some sort of business arrangement, this compensation has now been figured at the top percentage of wages earned while in management, as well, which is significantly higher, as long as the person was still employed by the company. The Union Pension Fund was to pick up the increased tab, even though wages were not earned while being a member of the Union.

The company management, by the way, has its own pension fund. This amounts to double dipping. Please see the pay example that is attached. This is unearned compensation at Union expense, and it will affect a lot of innocent people who have paid into this fund for a large part of their lives.

I do not begrudge Union Pension monies paid to management personnel to compensate them *while they were members of the Union*; they earned that. I simply disagree with a formula that uses management wages to calculate the Union pensions paid to people who have not been Union members for some time.

At best it is a questionable business practice. At worst, it is collusion, which is wrong both ethically and morally.

Also, to my knowledge, this settlement decision was not made public to the rank and file Union Membership, and they were never allowed to vote on this issue, a situation I would like to see remedied.

Thank you for taking the time to read this letter. I felt I had to state my opinions for the record.

Sincerely,


Thomas R. Beavers

01-08-2008  11:25

PAGE1

## PARTICIPATION IN THE PLAN

Each Employee who was a Participant under the previous Plan on April 30, 1976, became a Participant of the new Plan on May 1, 1976.

Full-time Employees who were not Participants on May 1, 1976, shall become Participants on the first pay period next following the date on which the Employee's probationary period has been completed.

Part-time Employees will become Participants on the first anniversary of their employment commencement date. The term employment commencement date means the date on which the part-time employee first performs an Hour of Service for the Employer under the terms of the Collective Bargaining Agreement.

Please refer to Section 2.01 of Article II, on page 34 for a full description of the participation requirements.

All Participants in the Plan, full-time and part-time, are required to contribute to the Plan through payroll deductions.

Once an Employee (full-time or part-time) begins participation in the Plan, he must continue participating in the Plan until he terminates employment with RTD or retires. In other words, once an Employee (full-time or part-time) commences participation in the Plan, he is required to participate throughout the period of his employment with RTD as a represented employee.

## CREDITED SERVICE

A Participant's retirement benefit amount shall be based on the Earnings received during the most recent period of years of Covered Employment with the Employer on which Employer and Employee contributions have been made to this Plan, beginning with the Participant's date of employment in a position covered by this Plan. Credited Service shall be granted for years and full months of employment to the date an individual retires or terminates employment.

Credited Service shall include periods when a Participant is on layoff up to the maximum period of time for which the Participant has recall rights under the Collective Bargaining Agreement.

In addition to employment with RTD, employment with Transit Management of Colorado, Inc., Boulder Public Service Company and Denver Tramway Corporation may also be counted as Credited Service if a Participant was working in a job classification which would have required contributions to this Plan.

— 5 —

---

c. The Board of Trustees has discretionary authority to construe and interpret the terms of the Trust and the Pension Plan and to determine the eligibility of any person to receive any form of a Retirement Benefit under the terms of the Pension Plan.

## OTHER RIGHTS OF PARTICIPANTS:

This Plan is maintained for certain eligible employees of the Regional Transportation District, a political subdivision of the State of Colorado. Because this is a governmental plan, it is not subject to the Employee Retirement Income Security Act of 1974 (ERISA). Nevertheless, the Plan is modeled after ERISA, and the Plan documents under which this Plan is established and maintained provide Plan Participants with many of the same rights and protections as ERISA provides to participants in plans maintained by the private sector employers. Thus, all Plan Participants are entitled to:

a. Examine, without charge at the Plan Administrator's office and at other locations (union office), all Plan documents, including collective bargaining agreements, the Trust Agreement, and annual financial statements.

b. Obtain copies of all Plan documents and other Plan information upon written request to the Plan Administrator. The Plan Administrator may make a reasonable charge for the copies.

c. In addition to creating rights for Plan Participants, the Trust Agreement under which the Plan is established and maintained imposes obligations upon the persons who are responsible for the operation of the employee benefit Plan. These persons are referred to as "fiduciaries." Fiduciaries must act solely in the interest of the Plan Participants and they must exercise prudence in the performing of their Plan duties. Fiduciaries who violate their fiduciary duties and responsibilities may be removed and required to make good any losses they have caused the Plan.

d. If you are improperly denied a pension benefit in full or in part, you have the right to file suit in a court. If Plan fiduciaries are misusing the Plan's money, you have a right to file suit in a court.

If you have any questions about this statement or your rights under the Plan, you should contact the Plan Administrator.

— 4 —