IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Case No. 05-cv-01567-WYD-BNB

ARTHUR ASHLEY, an individual on behalf of himself all others similarly situated,
JOE HEATH, an individual on behalf of himself all others similarly situated,
ERNEST MACK, an individual on behalf of himself all others similarly situated,
ROBERT L. PIPER, an individual on behalf of himself all others similarly situated, and
JOSEPH STOGNER, an individual on behalf of himself all others similarly situated,

     Plaintiffs,
v.

REGIONAL TRANSPORTATION DISTRICT AND AMALGAMATED TRANSIT UNION
DIVISION 1001 PENSION FUND TRUST;
BOARD OF TRUSTEES, REGIONAL TRANSPORTATION DISTRICT AND
AMALGAMATED TRANSIT UNION DIVISION 1001 PENSION FUND TRUST;
GREGG FISHER, trustee,
MYRA SIMMONS, trustee,
YVETTE SALAZAR, trustee,
TERESA SEDMAK, trustee,
DAN SUNDQUIST, trustee,
JULIO RIVERA, trustee,
ROSEMARIE SNYDER, trustee,
MICHAEL RUCKER, trustee,
LLOYD MACK, trustee,
LARRY SORGET, trustee, and
EARL NICHOL, trustee.

     Defendants.

---

### ORDER GRANTING CLASS CERTIFICATION

---

The Court previously granted preliminary approval of the proposed Class Action

Settlement by Order dated October 31, 2007, as amended November 27, 2007. In

-1-

order to complete the Class Action Settlement, the Court hereby enters this Order regarding certification of the class. Accordingly it is hereby ORDERED, ADJUDGED AND DECREED:

**I.      FINDINGS OF FACT**

Sixty-four Plaintiffs brought this action against the Defendants. The Plaintiffs consisted of two groups of individuals: (1) seventeen individuals who retired after the 1998 adoption of an amendment to the terms of the Regional Transportation District ("RTD") and Amalgamated Transit Union Division 1001 Pension Fund Trust ("Retired Plaintiffs"); and (2) forty-seven individuals who have yet to retire and are either still working for RTD or have left employment with the RTD ("Non-Retired Plaintiffs). (Second Am. Compl. ¶¶ 4-67.) The Defendants consist of the following: (1) the Regional Transportation District ("RTD") and Amalgamated Transit Union Division 1001 Pension Fund Trust ("Trust"); (2) the Board of Trustees of the Trust ("Board"); (3) current individual members of the Board of Trustees; and (4) former individual members of the Board of Trustees in 1998. (Second Am. Compl. ¶¶ 68-81.) The Plaintiffs asserted the following six claims for relief against all Defendants: (1) declaratory judgment pursuant to 28 U.S.C. § 2201; (2) violation of 42 U.S.C. § 1983; (3) breach of fiduciary duty; (4) breach of contract; (5) willful and wanton breach of contract; and (6) injunctive relief. (Second Am. Compl. ¶¶ 118-152.)

As a result of a collective bargaining agreement, the RTD and the ATU Local 1001, the union representing RTD's hourly workers ("Union:), created the Amalgamated Transit Union Division 1001 Pension Fund Trust ("Trust"). The Trust holds assets and

pays benefits due under the RTD/ATU Pension Plan ("Pension Plan"). The Pension Plan is primarily funded by contributions from RTD. The collective bargaining agreement also created a trust for the Board to administer the Plan. The Board has the authority to amend the Pension Plan. On September 30, 1997, the Board amended the Pension Plan, with respect to the definition of Final Average Earnings, as that term is defined in the plan documents.

Plaintiffs' claims for relief are all based upon the amendment to the terms of the RTD/ATU Pension plan on September 30, 1997. The Plaintiffs also allege that this cause of action is substantially similar to a previous case filed in 1998 by two plaintiffs against the same Pension Plan and its Board of Trustees. *See Walker v. Bd. of Trustees*, 76 F.Supp. 2d 1105 (D. Colo. 1999, *affirmed Walker v. Bd. of Trustees*, 2003 WL 421690534, at 959 (10th Cir. 2003)(unpublished). Plaintiffs further alleged that even after the Tenth Circuit's holding, the then-current Trustees continued to apply the terms of the Amendment to adversely affect the calculation of their pension amounts. Consequently, none of the Retired Plaintiffs received pension benefits in accordance with the Plan prior to the Amendment, and none of the Non-Retired Plaintiffs will receive pension benefits in accordance with the plan prior to the Amendment.

The Defendants moved to dismiss the action under Fed.R.Civ.P. 12(b)(1). By Order dated March 20, 2007, the Court granted in part and denied in part the Motions to Dismiss. In April of 2007 and again in July 2007, counsel for the parties met to discuss settlement. The latter meetings resulted in a tentative settlement. The terms of the Agreement were embodied in a Term Sheet. (Document No. 196, Exhibit A.) The

Term Sheet provided that Plaintiffs were to file a Third Amended Complaint alleging a class action pursuant to Fed.R.Civ.P. 23(b)(1) and/or (b)(2). The Class was defined to include "all participants in the Plan, who currently receive or are entitled to receive pension payments upon retirement, who did not receive any modified benefits after the 10th Circuit's decision in *Walker v. Board of Trustees,* No. 02-1173, 2003 U.S. App. LEXIS 14603 (10th Cir. July 21. 2003), and who accrued a benefit." The Defendants agreed to stipulate to the existence of the class. The parties agreed, as a material term, to present the Settlement to the Court for approval as a non-opt out Class Action Settlement pursuant to Fed.R.Civ.P. 23(b)(1) and/or (b)(2).

The parties then executed a Settlement Agreement in October 2007. (Document No. 196, Exhibit B.) Pursuant to the parties' agreements, Plaintiffs filed for leave to file a Third Amended Complaint and a Third Amended Complaint, which was granted, thereby converting the action into a putative Class Action, pursuant to Fed.R.Civ.P. 23. On October 31, 2007, the Court entered an Order granting preliminary approval of the Settlement. (Document No. 198.) In the Order, the Court held that Plaintiffs' Counsel should serve as Appointed Counsel to represent the Settlement Class. Further, the Court required Plaintiffs' counsel to give notice to all potential Settlement Class Members using the Notice of Class Action Settlement approved by the Court. Additionally, the Court required Plaintiffs' counsel to establish a publicly accessible website and to post relevant documents concerning the proposed Class Action Settlement on the website. The Court further scheduled Fairness Hearing for January 29, 2008.

At the Fairness Hearing, the Court approved the Settlement following the submission of arguments and evidence. The Court has not yet entered an order certifying the Class, as a prerequisite to the Class Action Settlement.

## II.     CONCLUSIONS OF LAW

Class certification is governed by Fed. R. Civ. P. 23, whether certification is sought pursuant to a contested motion or pursuant to a settlement. See generally *Amchem Prod. v. Windsor,* 521 U.S. 591, 619-29 (1997). A trial judge has broad discretion in deciding whether a class action should be certified. *Anderson v. Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982). The Court should not consider the merits of the action when ruling on class certification. "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Anderson v. Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982) (internal quotes and citations omitted). Substantive allegations of the complaint should be taken as true, for purposes of determining the motion for class certification. *Clark,* 2007 U.S. Dist LEXIS at * 5-6.

### A.     The Action Has Been Brought by One or More Members of the Class.

Before the Court considers whether the requirements of Rule 23 have been met, the Court must first determine whether the suit has been brought by "one or more members of [the] class." *Paton v. N.M. Highlands Univ*., 275 F.3d 1274, 1278 (10th Cir. 2002). Here, the suit has been brought by 5 representative Plaintiffs who are members of the putative class. Each of them worked for the RTD and participated in

the Pension Trust. Further, all of them transferred to Non-covered positions prior to June 1, 1999. Three of the individuals - Messrs. Ashley, Mack and Piper - have retired from active employment and are receiving payments from the Pension Plan. The remaining individuals - Messrs. Heath and Stogner - continue to be actively employed and may claim benefits from the Pension Plan upon their retirement.

**B.    The Requirements of Fed.R.Civ.P. 23 Have Been Met.**

A class may be certified only if all four of the following prerequisites are met:

(1)   <u>Numerosity</u>: "the class is so numerous that joinder of all members is impracticable";

(2)   <u>Commonality</u>: "there are questions of law or fact that are common to the class";

(3)   <u>Typicality</u>: "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and

(4)   <u>Adequacy of representation</u>: "the representative parties will fairly and adequately represent the interests of the class."

Fed. R. Civ. P. 23(a). A party seeking class certification must show "under a strict burden of proof" that all four requirements are clearly met. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). The court must then look to the category of class action under Rule 23(b) for additional prerequisites involving certification of a class. *Trevizo v. Adams,* 455 F.3d 1155, 1166-62 (10th Cir. 2006); *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004).

**1.    The Requirements of Fed.R.Civ.P. 23(a) are Met.**

**a.    Numerosity**

In order to meet this element, "[t]he burden is upon plaintiffs seeking to

represent a class to establish that the class is so numerous as to make joinder impracticable." *Peterson v. Okla. City Housing Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976); *Trevizo*, 455 F.3d at 1162.   There is "no set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir. 1978).   Because this is a fact-specific inquiry, the district court has wide discretion in making this determination. *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1498 (10th Cir. 1992);  *Trevizo*, 455 F.3d at 1162.

Here, as demonstrated by Appointed Counsel's submissions, the Settlement Class consists of 208 individuals.  Many of the individuals are located in the state of Colorado, but many of the Retirees have moved outside the state and cannot be easily joined as parties in the litigation.  Accordingly, the first element is met.

### b. Commonality

"In the principal case on Rule 23(a) commonality, *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982), the Supreme Court held members of a putative class must 'possess the same interest and suffer the same injury.'" *Trevizo v. Adams*, 455 F.3d 1155, 1163 (10th Cir. 2006).  "The district court retains discretion to determine commonality because it is 'in the best position to determine the facts of the case, to appreciate the consequences of alternative methods of resolving the issues of the case and . . . to select the most efficient method for their resolution.'" *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1289 (10th Cir. 1999) (*quoting Boughton v. Cotter Corp.*, 65 F.3d 823, 825 (10th Cir. 1995). "Whether a case should be allowed to proceed as a class action involves intensely practical considerations,

most of which are purely factual or fact-intensive.  Each case must be decided on its own facts, on the basis of 'practicalities and prudential considerations.'" *Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004) (*quoting Reed*, 849 F.2d at 1309 (*citing United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-03, 406 n.11, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980))).

The commonality requirement is met "if plaintiffs' grievances share a common question of law or of fact."  Further "that the claims of individual class members may differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy."  *J.B. v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999), *citing Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) and *Milonas v. Williams*, 691 F.2d 931, 939 (10th Cir. 1982).  The commonality requirement "is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation."  *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir. 1999).

Here, there are both common questions of law and fact.  Each Plaintiff has asserted the same legal claims against the Defendants, based upon the adoption of the 1998 Amendment.  Moreover, all Plaintiffs seek to receive pension benefits in accordance with the provisions of the Plan prior to the 1998 Amendment.  The legal questions involved for each class member are substantially related to the resolution of the litigation: that is, the amendment of the definition of Final Average Earnings as applied to the Class Members and the award of all unpaid retirement benefits for each Retiree Plaintiff who is entitled to receive the benefit.

Accordingly, the second element is satisfied.

### c. Typicality

Fed.R.Civ.P. 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. Typicality is present "so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d at 675, *cited by J.B*, 186 F.3d at 1299.

The claims of the class representatives and the class members are the same. All Plaintiffs, whether retired or still actively employed, seek to have the Pension Plan amended with respect to the definition of Final Average Earnings. All Retiree Plaintiffs seek to recover unpaid pension benefits from the date of their retirement to the present. These remedies are sought through the theories alleged in the Third Amended Complaint, which apply to all Class members.

Accordingly, the third element is satisfied.

### d. Adequacy of Representation

Fed.R.Civ.P. 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Inquiry into adequacy "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625.

As demonstrated during the Fairness Hearing, there are no conflicts among the class members. Only one individual challenged the Settlement, on grounds which the Court deemed non-persuasive. Further, the Named Plaintiffs and Appointed Counsel have obtained a settlement that benefits all Class members equally, whether the Class Member was part of the original group of Plaintiffs or not.

Accordingly, the fourth element is satisfied. The analysis does not end there. The Class Members must also demonstrate that the class falls within at least one provision of Fed.R.Civ.P. 23(b).

### 2. The Class satisfies the requirements of Fed.R.Civ.P. 23(b).

Rule 23 also requires the trial court "to find that the plaintiff's claim is maintainable as a class action under one of the three categories of suits described in Rule 23(b). *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir. 1988)." *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 354 F.3d 1246, 1262 (10th Cir. 2004). Although satisfaction of only one of the requirements under Fed.R.Civ.P. 23(b) is necessary, the proposed class in the present case may be certified under several different subdivisions of Fed.R. Civ.P. 23(b).

### a. Individual adjudications would create incompatible standards of conduct for Defendants permitting this Court to certify the Class pursuant to F. Civ. Rule 23(b)(1)(A).

Rule 23(b)(1)(a) permits class certification if separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class.

*Weinman*, 354 F.3d at 1264. Fed.R.Civ.P. 23(b)(1)(a) is satisfied in the present case because if separate actions were brought by individual class members, there would be a very high risk of incompatible standards of conduct for the Pension Plan.

If individual cases were brought, the likelihood that different judges would be involved in the various cases filed is great. Issues involving the 1998 Amendment have already been heard by Judge Babcock (in the *Walker* litigation) and by this Court. Moreover, each time a case is filed, it has the potential of being assigned to a different judge according to the Court's case assignment protocol. Each judge will, thereafter, resolve the issues before it creating a risk of incompatible standards as to the plan and as to the Trustees.

However, if this Court certifies this case as a class action, the Defendants will be held to one standard of conduct applicable to all persons who fall within the Class. Therefore, Civ. R. 23(b)(1)(a) is satisfied, thereby rendering this action appropriate for class certification.

> **b. Individual adjudications would be dispositive of the interests of other Class members or substantially impair or impede their ability to protect their interests permitting this Court to certify the Class pursuant to Fed.R.Civ.P. 23(b)(1)(B)**.

Class certification under Civ. R. 23(b)(1)(B) is proper if adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Subsection (1)(B) focuses on the risk of separate actions to the individual potential class members, and applies when

"adjudications [against] individual members of the class . . . would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." *Weinman*, 354 F.3d at 1263.

Here, each of the Class Members has the same interests and the same claims, arising from the 1998 Amendments. If the Named Plaintiffs proceeded to litigate their claims, the determinations could impact or impede the ability of the other individuals who have similar claims arising out of the same or substantially similar facts. In particular, the acts of the Board of Trustees are the same with respect to each of the individual claimants and, accordingly, an adjudication as to one with respect to the 1998 Amendment potentially impacts the claims by the others.

### c. The present action is appropriate for class certification under Fed.R.Civ.P. 23(B)(2).

Those seeking declaratory or injunctive relief must meet the requirements of Rule 23(b)(2), which states that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *J.B.*, 186 F.3d at 1288; *Shook,* 386 F.3d at 971. Certification under Rule 23(b)(2) permits application of a common remedy to the class. *Id.*, at 974.

Fed.R.Civ.P. 23(b)(2) is satisfied in this case because Plaintiffs and the class request declaratory and injunctive relief, in response to the acts or failures to act by the Board of Trustees with respect to the 1998 Amendment and its impact. Plaintiffs and

-12-

the class specifically request a declaration that the 1998 Amendment is inapplicable to any Participant who transferred to non-covered employment prior to June 1, 1999. Moreover, Plaintiffs request that an injunction requiring the Defendants to amend the plan to preclude application of the 1998 Amendment to any Participant who falls within the Class. While the Third Amended Complaint requests a limited make whole economic relief for all persons who have already retired and who have not received the full benefits to which they are entitled, this does not defeat certification under 23(b)(2) since it applies equally to all retired class members and is ancillary to the primary relief sought, that being declaratory and injunctive relief.

### III.     **CONCLUSION**

Based upon the foregoing, it is:

ORDERED that the above-captioned action is hereby certified as a non-opt out Class Action pursuant to Fed.R.Civ.P. 23(a) and 23(b)(1) and (b)(2); it is

FURTHER ORDERED that the Class Members are defined to be "all participants in the Plan, who currently receive or are entitled to receive pension payments upon retirement, who did not receive any modified benefits after the 10th Circuit's decision in *Walker v. Board of Trustees,* No. 02-1173, 2003 U.S. App. LEXIS 14603 (10th Cir. July 21. 2003), and who accrued a benefit." It is

FURTHER ORDERED that all claims brought by the Named Plaintiffs are class claims applicable to all Class Members, whether Retiree or Non-retiree; it is

FURTHER ORDERED that Burg Simpson Eldredge Hersh & Jardine shall serve as Appointed Counsel representing all Class Members.

Dated: February 11, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge